UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BURBRIDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>ADTRAN, INC., THOMAS R. STANTON, MICHAEL FOLIANO, and ROGER D. SHANNON,<br><br>     Defendants. | Civil Action No.  1:19-cv-09619<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF REZA ADHAMI, PH.D. TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL**

- 1 -

Reza Adhami, Ph.D. ("Dr. Adhami" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.      INTRODUCTION

The above-captioned action alleges that networking and communications company ADTRAN, Inc. and its most senior executives made materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a), 78t(a)), and U.S. Securities and Exchange Commission Rules 10b-5 (17 C.F.R. § 240.10b-5) and 14a-9 (17 C.F.R. § 240.14a-9) promulgated thereunder.  As a result of Defendants' false and misleading statements and omissions – which included false financial statements that materially understated the Company's reported excess and obsolete inventory reserves ("E&O reserves") – ADTRAN stockholders, including Dr. Adhami, were induced to purchase their ADTRAN shares at artificially inflated prices.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

- 2 -

Here, Dr. Adhami respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff.  Dr. Adhami believes that he has the largest financial interest in this action by virtue of its substantial investments in ADTRAN throughout the Class Period.  Specifically, Dr. Adhami expended $75,570 purchasing 6,000 ADTN shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $9,840, whether calculated on a FIFO or LIFO basis.

In addition to asserting the largest financial interest in this litigation, Dr. Adhami also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.  Dr. Adhami, a Professor Emeritus and Research Professor in the Electrical & Computer Engineering Department of the University of Alabama in Huntsville, Alabama, is a sophisticated retail investor.  Given his financial interest and educational background, Dr. Adhami has both the incentive and ability to supervise and monitor counsel.  Further, Dr. Adhami fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.

Dr. Adhami has also demonstrated his adequacy through its selection of Hagens Berman as proposed Lead Counsel for the Class.  Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors.  Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions.

Accordingly, based on Dr. Adhami's significant financial interest and his commitment and ability to oversee this action, Dr. Adhami respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.   FACTUAL BACKGROUND

ADTRAN is a Huntsville, Alabama-based provider of networking and communications equipment.  Compl., ¶ 2.  The Company's solutions enable voice, data, video and Internet communications across a range of network infrastructures.  *Id.*  ADTRAN has a diverse customer base that includes Tier 1, 2 and 3 communications service providers, cable/multiple-service operators, and distributed enterprises, across the globe including in Latin America.  The Company's common stock trades on the NASDAQ exchange under the symbol "ADTN."  Compl. ¶ 14.

Throughout the Class Period, Defendants represented that ADTRAN properly accounted for inventory, including writing down inventory for estimated obsolescence or unmarketability, and reported specific figures for its reserve for excess and obsolete inventory and inventory charges against those reserves.  Compl. ¶ 7.  In addition, Defendants attested to the accuracy of ADTRAN's financial reporting and the effectiveness Company's internal controls over financial reporting.  Compl. ¶ 21.  Further, Defendants promoted ADTRAN's business prospects in Latin American.  Compl. ¶ 27.

In truth, Defendants were concealing: (1) material weaknesses in the Company's internal control over financial reporting; (2) as a result of ineffective internal controls, certain E&O reserves had been improperly reported and financial results for certain periods were misstated; and (3) that there would be a pause in shipments to one of the Company's Tier 1 Latin American customers, which would adversely impact ADTRAN's financial results and prospects.  Compl ¶¶ 7, 24.

Investors began to learn the truth on July 17, 2019, when the Company announced it would be unable to timely file its quarterly earnings for second quarter 2019 with the SEC due to its ongoing assessment of the reasonableness of its current and previously reported E&O reserves.  Compl. ¶ 3, 28.  On this news, the Company's share price fell $3.69 per share, over 23%, to close at $12.13 per share on July 18, 2019.  Compl. ¶ 4.  ADTRAN would later go on to disclose that material weaknesses in its internal control resulted in a misstatement of previously reported E&O reserves and make a $0.8 million out-of-period adjustment, which increased its reported E&O reserves for the second quarter of 2019.  Compl. ¶ 28.

Finally, on October 9, 2019, after-market, the Company announced disappointing third quarter 2019 earnings, claiming that "revenue this quarter has been significantly impacted by a pause in shipments to a Tier 1 customer in Latin America."  Compl. ¶ 31.  On this news, the Company's share price fell $2.10 per share, over 19%, to close at $8.81 per share on October 10, 2019, further injuring ADTRAN investors.  Compl. ¶ 32.

### III.    ARGUMENT

**A.    Movant Should Be Appointed Lead Plaintiff**

Dr. Adhami should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of

Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Dr. Adhami believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1. Dr. Adhami's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On October 17, 2019, the above-captioned action was filed in this District. The same day, a notice of pendency of the above-captioned action was published on Business Wire, alerting investors that the deadline to seek Lead Plaintiff status is December 16, 2019. *See* Gilmore Decl., Ex. C. Accordingly, Dr. Adhami satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2. Dr. Adhami has the Largest Financial Interest in the Relief Sought by the Class

"To determine which movant has the largest financial interest, the Court is to consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e. the number of shares retained during the period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) (Hellerstein, J.) (internal quotations and citations omitted).

During the Class Period, Dr. Adhami expended $75,570 purchasing 6,000 ADTN shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $9,840, whether calculated on a FIFO or LIFO basis. *See* Certification and Loss Charts, Gilmore Decl., Exhibits ("Ex.") A, B. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Dr. Adhami satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.      Dr. Adhami Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Dr. Adhami otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "As for satisfying the requirements of Fed. R. Civ. P. 23, at this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met." *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (internal quotations and citations omitted).

"Typicality exists where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.*  Dr. Adhami satisfies this requirement because, just like all other proposed class members, Dr. Adhami seeks to assert claims and recover damages arising from Defendants' misrepresentations and omissions during the Class Period.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).  As set forth in greater detail below, Dr. Adhami has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action.  There is no evidence of antagonism or conflict between the Dr. Adhami's interests and the interests of the Class.  Finally, Dr. Adhami has submitted a signed Certification declaring his commitment to protecting the interests of the Class, and the significant

losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Ex. A.

**B.      The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Exhibit D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. D at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. D at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  December 16, 2019                    Respectfully submitted,

                                             HAGENS BERMAN SOBOL SHAPIRO LLP

                                             By  */s/ Jason A. Zweig*
                                                  JASON A. ZWEIG, JZ-8107

                                             555 Fifth Avenue, Suite 1700
                                             New York, NY 10017
                                             Telephone: (212) 752-5455
                                             Facsimile:  (917) 210-3980
                                             jasonz@hbsslaw.com

                                             Reed R. Kathrein
                                             Lucas E. Gilmore
                                             Danielle Smith
                                             HAGENS BERMAN SOBOL SHAPIRO LLP
                                             715 Hearst Avenue, Suite 202
                                             Berkeley, CA  94710
                                             Telephone: (510) 725-3000
                                             Facsimile:  (510) 725-3001
                                             reed@hbsslaw.com
                                             lucasg@hbsslaw.com
                                             danielles@hbsslaw.com

                                             Steve W. Berman
                                             HAGENS BERMAN SOBOL SHAPIRO LLP
                                             1301 Second Avenue, Suite 2000
                                             Seattle, WA  98101
                                             Telephone: (206) 623-7292
                                             Facsimile:  (206) 623-0594
                                             steve@hbsslaw.com

                                             *Counsel for [Proposed] Lead Plaintiff*
                                             *Dr. Reza Adhami, Ph.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG

- 1 -