# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel:  +1 404 572 4600
Fax:  +1 404 572 5100
www.kslaw.com

Jessica Perry Corley
Partner
Direct Dial:  +1 404 572 4717
Direct Fax:  +1 404 572 5100
jpcorley@kslaw.com

December 23, 2019

**<u>VIA ECF FILING</u>**
The Honorable Lorna G. Schofield
Thurgood Marshal United States Courthouse
40 Foley Square
New York, NY  10007

> RE:  *Burbridge v. ADTRAN, Inc., et al.*, No. 1:19-cv-09619-LGS (S.D.N.Y.); Pre-Motion
> Conference Regarding Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

Dear Judge Schofield,

In accordance with your Individual Rules and Procedures for Civil Cases, I write on behalf of Defendants ADTRAN, Inc., Thomas R. Stanton, Michael Foliano, and Roger D. Shannon (collectively, "Defendants") to request that the Court transfer the above-captioned action to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). Defendants respectfully request that the Court consider and rule upon transfer of venue at the January 9, 2020 case conference.  *See* Dkt. 10.  Defendants further request that, at the January 9, 2020 conference, the Court rule upon transfer of venue first, before considering lead plaintiff motions or scheduling matters.

Defendants conferred with counsel for lead plaintiff movant Michael Burbridge (Dkt. 11) and counsel for lead plaintiff movant Reza Adhami, Ph.D. (Dkt. 14).  Mr. Burbridge takes no position regarding transfer at this time, other than to request that any decision regarding transfer be made after briefing on the lead plaintiff motions is complete on January 6, 2020.  Dr. Adhami opposes any decision and briefing on transfer until after lead plaintiff is appointed.

## I.    The Court Should Address Defendants' Request to Transfer Venue Before Considering Lead Plaintiff Motions or Addressing Scheduling Matters.

Defendants respectfully request that the Court address Defendants' request to transfer venue at the January 9, 2020 conference before considering pending lead plaintiff motions or addressing scheduling matters.  As courts in this district and elsewhere recognize, it is appropriate

December 23, 2019
Page 2

for the court to address transfer of venue first, because the court ultimately presiding over the litigation should be the court to consider and rule upon lead plaintiff motions and address scheduling matters for the case moving forward. *See Garity v. Tetraphase Pharm. Inc.*, No. 1:18-CV-06797 (ALC), 2019 WL 2314691, at *5 (S.D.N.Y. May 30, 2019) ("Because the Court grants Defendants' transfer motion, it will leave the determination as to the appointment of the lead plaintiff and lead counsel to the District Court of Massachusetts."); *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 JPO, 2015 WL 3767445, at *10 (S.D.N.Y. June 17, 2015) (similar); *City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015) (transferring venue, recognizing prospective lead plaintiffs may renew lead plaintiff motions "after [the Court] resolve[s] Defendants' . . . motion to transfer"); *see also Gallagher v. Ocular Therapeutix, Inc.*, No. CV175011SDWLDW, 2017 WL 4882487, at *2 (D.N.J. Oct. 27, 2017) (transfer of venue should be addressed before lead plaintiff motions because selection of lead plaintiff is "a decision that is more appropriately made by the court that ultimately will preside over the litigation").

Responses to lead plaintiff motions are due in this Court on December 30, 2019, and reply briefs on January 6, 2020. The parties intend to adhere to these deadlines. Should the Court determine the January 9, 2020 conference is not necessary in light of this letter, Mr. Burbridge requests that the Court not transfer this case until completion of lead plaintiff briefing on January 6, 2020. Dr. Adhami disagrees with Defendants' position regarding sequencing and opposes any decision on transfer until after a lead plaintiff is appointed.

## II.     The Court Should Transfer This Case to the United States District Court for the Northern District of Alabama Pursuant to 28 U.S.C. § 1404(a).

Defendants respectfully request that the Court transfer this action to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a). Determining whether transfer under Section 1404(a) is appropriate is a two-step process. First, as a threshold matter, the court determines whether the case "might have been brought" in the transferee district. *See id.* If so, the court then considers "whether transfer is warranted using several factors relating to the convenience of transfer and the interests of justice." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). Ultimately, the decision whether to transfer venue is committed to the sound discretion of the trial court. *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 167 (E.D.N.Y. 2006).

The first step of the transfer analysis—whether this case "might have been brought" in the Northern District of Alabama—is satisfied. 28 U.S.C. § 1404(a). This case involves claims under the Securities Exchange Act of 1934 ("Exchange Act"), which allows for jurisdiction "in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa; *see* Dkt. 1 at ¶ 1 (citing Exchange Act). ADTRAN is headquartered in the Northern District of Alabama and, moreover, the Complaint challenges alleged misstatements and

December 23, 2019
Page 3

omissions issued from ADTRAN's headquarters in the Northern District of Alabama.  Therefore, this case might have been brought in the Northern District of Alabama.  *See* 15 U.S.C. § 78aa; *see also* 28 U.S.C. § 1391(b).

The second step of the transfer analysis is also satisfied.  In this case, ADTRAN is headquartered in the Northern District of Alabama (specifically, in the city of Huntsville); the Complaint challenges alleged misrepresentations or omissions prepared or issued from ADTRAN's headquarters in the Northern District of Alabama; relevant documents and sources of proof are located in the Northern District of Alabama; and relevant party and non-party witnesses (i.e., Company employees with knowledge of the subject matter) are located in the Northern District of Alabama.  As courts in this district recognize in similar circumstances, "[c]ourts routinely transfer securities cases to the issuer's district," as is being requested here.  *See In re ChannelAdvisor Corp. Sec. Litig.*, No. 15-CV-506 AJN, 2015 WL 4064625, at *4 (S.D.N.Y. July 2, 2015); *see also City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, No. CV174412SJFAKT, 2019 WL 3997354, at *4 (E.D.N.Y. Aug. 23, 2019) ("[W]hile there is no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter.") (quotation marks and citation omitted); *City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *7 (S.D.N.Y. Apr. 30, 2015) (in "garden-variety federal securities fraud class action" where defendants requested transfer "to the District in which the corporate Defendant is headquartered," observing that "[u]nder such circumstances . . . courts in this District regularly exercise their discretion to grant motions to transfer" and transferring case) (citing cases).

Defendants therefore respectfully request that this Court transfer this case to the Northern District of Alabama.  Defendants respectfully request the Court grant transfer based upon the argument in this pre-motion letter, but Defendants stand ready to provide full transfer briefing, including supporting materials, should the Court so request.

### III.    Conclusion.

For the reasons stated above, Defendants respectfully request that the Court transfer this case to the United States District Court for the Northern District of Alabama.  Defendants further request that the Court abstain from addressing the pending lead plaintiff motions or other scheduling matters in deference to the presiding court in that district.  Finally, Defendants request that Defendants be relieved of any obligation to respond to the Complaint (Dkt. 1), because Lead Plaintiff Movants anticipate filing an amended complaint following appointment of lead plaintiff.  Defendants respectfully submit the attached proposed order for the Court's consideration.

Sincerely,

*/s/ Jessica Perry Corley*
Jessica Perry Corley (NY #892914)
*Counsel for Defendants*

cc: Counsel of Record (by ECF)