**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL BURBRIDGE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) CIVIL ACTION:   1:19-CV-09619-LGS-BCM |
| ADTRAN, INC., THOMAS R. STANTON, MICHAEL FOLIANO, ROGER D. SHANNON, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO MOTIONS FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Defendants ADTRAN, Inc. ("ADTRAN" or the "Company"), Thomas R. Stanton, Michael Foliano, and Roger D. Shannon (collectively, "Defendants") respectfully submit this consolidated response to motions for appointment of lead plaintiff and approval of selection of counsel (Dkts. 11, 14), and state as follows.

I.     **The Court Should Grant Transfer of Venue and Defer Lead Plaintiff Motions to the United States District Court for the Northern District of Alabama.**

For the reasons stated in Defendants' letter filed December 23, 2019 (Dkt. 17), Defendants respectfully request that the Court transfer this case to the United States District Court for the Northern District of Alabama, before considering or ruling upon lead plaintiff motions.  The transferee court should be the court to consider and rule upon lead plaintiff motions and address scheduling matters for the case moving forward.  *See* Dkt. 17 at 1–2.

II.    **The PSLRA Imposes a Statutory Deadline of January 15, 2020 to Appoint a Lead Plaintiff.**

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the "court shall consider" motions made by purported class members for lead plaintiff appointment

and shall appoint the lead plaintiff no later than 90 days after publication of notice of the suit. 15 U.S.C. § 78u-4(a)(3)(B)(i). Because publication of notice of this suit occurred on October 17, 2019 (*see, e.g.*, Dkt. 16-3), the PSLRA provides that the court shall appoint a lead plaintiff by January 15, 2020. In light of this upcoming deadline for appointment of lead plaintiff, Defendants respectfully request that the Court grant transfer of venue to the Northern District of Alabama (*see* Dkt. 17) at the January 9, 2020 case conference so that the presiding court in the Northern District of Alabama may appoint a lead plaintiff by January 15, 2020 or as soon as practicable thereafter.

### III.   Defendants Take No Position on Lead Plaintiff Appointment but Reserve All Defenses to Class Certification Under Federal Rule of Civil Procedure 23.

As an initial matter, Defendants strongly dispute the allegations of wrongdoing in the Complaint (*see* Dkt. No. 1), many of which are parroted in the memoranda filed in support of the lead plaintiff motions (Dkts. 12, 15). Defendants intend to seek dismissal of all claims at the appropriate time.

Defendants typically do not play a role in the process for appointment of lead plaintiff and approval of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B). By taking no position on the selection of a lead plaintiff/counsel, however, Defendants do not waive—but expressly reserve—their rights under Federal Rule of Civil Procedure 23 to develop a record and oppose any future motion for class certification on any and all grounds, including, without limitation, that the claims of the appointed lead plaintiff and defenses to which it may be subject are not typical of the class, and that the appointed lead plaintiff and/or its chosen counsel will not fairly and adequately protect the interests of the class. *See, e.g.*, *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) ("Evidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing. There is no need to require anything more than a

preliminary showing at [the lead plaintiff] stage."); *see also In re Crayfish Co. Sec. Litig.*, No. 00 CIV.6766IDAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) ("Any preliminary class certification findings of adequacy and typicality made at this time, do not preclude any party from contesting the ultimate class certification.").

DATED:  December 30, 2019.

KING & SPALDING LLP

*/s/ Jessica Perry Corley*
Jessica Perry Corley
1180 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: jpcorley@kslaw.com

*Counsel for Defendants*

3