## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BURBRIDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADTRAN, INC., THOMAS R. STANTON, MICHAEL FOLIANO, and ROGER D. SHANNON,<br><br>Defendants. | Case No. 1:19-cv-09619-LGS |

## LEAD PLAINTIFF MOVANT MICHAEL BURBRIDGE'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF REZA ADHAMI TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL

Plaintiff and Lead Plaintiff Movant Michael Burbridge ("Burbridge") submits this memorandum of law in opposition to the competing motion for appointment as lead plaintiff and approval of lead counsel filed by Reza Adhami ("Adhami") (Dkt. No. 14).

## I.    INTRODUCTION

Two movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Burbridge (Dkt. No. 11), and Adhami (Dkt. No. 14).

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Burbridge is the most adequate plaintiff, and is in fact the only movant eligible to be appointed as lead plaintiff, because only Burbridge has a financial interest in this action. Adhami is a complete "in-and-out" trader that purchased and then sold all his shares without holding any shares through a corrective disclosure and associated stock price decline. Accordingly, Adhami was not injured by Defendants' fraud, and thus has no financial interest in this action. Burbridge, by contrast, has a financial interest in this action because he held shares through a corrective disclosure and associated stock price decline. Moreover, as demonstrated in

1

Burbridge's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 12), Burbridge satisfies the requirements of Rule 23. As such, Burbridge is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Burbridge is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Burbridge should be appointed lead plaintiff, and his selection of counsel should be approved.[1]

## II.     ARGUMENT

### A.     The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii). After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B.   Burbridge Is the Presumptively Most Adequate Plaintiff

Burbridge satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Burbridge filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 11; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Burbridge satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of their lead plaintiff motion. *See* Dkt. No. 12 at 6-7; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Burbridge has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015). Of these factors, losses suffered is the most important, and courts in this district have a "strong preference" for the "last-in, first-out" ("LIFO") method of calculating losses. *See id.*

Under the Supreme Court's landmark ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), a plaintiff must hold a share through a corrective disclosure associated with a stock price decline to claim a "loss." *See id.* at 336 ("[T]he moment the transaction takes place, the plaintiff has suffered no loss because the inflated purchase price is offset by ownership of a share that possesses equivalent value at that instant."). Accordingly, courts exclude shares that were purchased during the class period and sold prior to a corrective disclosure from the loss comparison. *See CannaVest*, 93 F. Supp. 3d at 273 (holding that losses from sales prior to a corrective disclosure "are not recoverable under *Dura* and cannot be considered in calculating

[movant's] losses"); *Micholle v. Ophthotech Corp.*, No. 17-cv-1758-VSB, 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) ("[c]ourts consider only recoverable losses" and "courts must consider only those losses that a plaintiff incurred *after* a misrepresentation is revealed to the public"); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 617 (S.D.N.Y. 2015) ("When selecting a lead plaintiff, courts must consider only those losses that will actually be recoverable in the class action."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825-NGG-RER, 2007 WL 680779, at *5 (E.D.N.Y. Mar. 2, 2007) ("[W]here (as here) it is clear from the face of the pleadings that most of P & P's losses were suffered before any alleged corrective disclosure, the court would be abdicating its responsibility under the PSLRA if it were to ignore that issue at this stage."); *Cole v. Health Mgmt. Assocs., Inc.*, 07-cv-484, 2008 WL 11334897 (M.D. Fla. May 14, 2008) ("under *Dura*, [the court] should not consider the losses suffered by Ann Arbor prior to [the corrective disclosure]"); *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 WL 4958238, at *6 (N.D. Ill. Oct. 8, 2019) (holding that shares sold "before the disclosures alleged in the complaints" were "properly are excluded"); *Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *5 (N.D. Cal. May 13, 2016) ("Other courts in this district . . . look[] to the shares retained at the end of the class period that were purchased during the class period and calculate[] the total net loss on those securities alone.").

Here, Burbridge has the largest financial interest because Adhami does not have a loss. The Complaint[2] alleges two corrective disclosures with associated share price declines: one disclosure on July 17, 2019, and another on October 9, 2019. *See* Complaint, ¶¶3-6, 25-26, 31-32. Adhami is an "in-and-out" trader that did not hold any shares at the time of either disclosure and related stock price declines. Adhami purchased 3,000 shares on July 18, 2019, the day after

---

[2] Class Action Complaint for Violations of the Federal Securities Laws, Dkt. No. 1 (the "Complaint").

the first disclosure, and sold all 3,000 on July 23, 2019, long before the second disclosure. *See* Adhami Certification, Dkt. No. 16-1. Adhami then purchased 2,000 shares on July 24, 2019, and another 1,000 on July 25, 2019, but sold all 3,000 of those by August 26, 2019, again, long before the second disclosure. *Id.* As such, Adhami did not incur a loss. *See CannaVest*, 93 F. Supp. 3d at 273. Burbridge, in contrast, purchased 1,000 shares on July 18, 2019, and held those shares through the second corrective disclosure. *See* Burbridge Certification, Dkt. No. 13-2. Burbridge's LIFO loss on those shares is $1,660.65. As such, Burbridge has the largest financial interest in the relief sought by the class.

Burbridge also has a larger financial interest as measured by two of the three remaining factors that courts consider—net shares purchased, and net funds expended:[3]

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|
| Michael Burbridge | 1,500 | **1,000** | **-$13,229.85** |
| Reza Adhami | 6,000 | 0 | -$9,840.00 |

Accordingly, Burbridge has the largest financial interest in the relief sought by the class. Since Burbridge has the largest financial interest in the relief sought by the class, filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.   The Presumption that Burbridge Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Burbridge would be

---

[3] The data in this chart is derived from the movants' loss charts (Dkt. No. 13-3; Dkt. No. 16-2).

inadequate or subject to unique defenses. As such, Burbridge should be appointed as lead plaintiff, and Adhami is not entitled to further consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

Moreover, even if this Court were to consider Adhami for appointment as lead plaintiff, Adhami is inadequate, atypical, and subject to unique defenses which disqualify him.[4] In-and-out traders, such as Adhami, are atypical of other class members since they were not damaged by the fraud. *See IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 2013 WL 5815472, at *19 (S.D.N.Y. Oct. 29, 2013) (recognizing that proposed class representatives can fail to meet "the typicality requirement for Rule 23" if "they [are] subject to unique defenses as a result of having been 'in and out' purchasers") (collecting cases); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) ("[I]n-and-out traders will [not] even 'conceivably' be able to prove loss causation as a matter of law . . . therefore [they] should not have been included in the certified class."). Courts have routinely found in-and-out traders to be improper lead plaintiff candidates due to the likelihood that they will fail to adequately plead loss causation. *See, e.g.*, *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) (holding that "the Fund has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation" and that therefore, "the Fund is subject to unique adequacy and typicality defenses that render it an inadequate Class representative"). In-and-out traders may also lack standing because they are not damaged by the alleged fraud, and appointing them as lead plaintiff could result in the unnecessary dismissal of

---

[4] The mere threat that a unique defense could become the focus of the litigation is enough to rebut the most adequate plaintiff presumption. *See In re Enzymotec Ltd. Sec. Litig.*, 2015 WL 918535, at *2 (D.N.J. Mar. 3, 2015) ("[T]he competing plaintiff must show simply that there is some degree of probability that the defense might 'become a major focus' in the case.").

the entire action. *See FalconStor*, 277 F.R.D. at 240 ("[T]he Court is concerned that if the Fund, as lead plaintiff, is unable to prove loss causation and is found to lack standing, the entire case could be dismissed."). As such, Burbridge is the only adequate and typical lead plaintiff movant, and the presumption that Burbridge is the most adequate plaintiff has not been rebutted. Accordingly, Burbridge should be appointed as lead plaintiff.

### D.      Burbridge's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the approval of the Court, *see* 15 U.S.C. § 78u-4(a)(3)(B)(v), and "[t]here is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Deloitte Touche*, 95 F. Supp. 3d at 623. As such, Burbridge's selection of Glancy Prongay & Murray LLP should be approved.

Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 13-4 (Glancy Prongay & Murray LLP firm résumé). The firm has more than 20 years of experience successfully representing injured investors. *See id.* By approving Burbridge's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Burbridge's selection of lead counsel for the class should be approved. *See Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 266 (S.D.N.Y. 2019) (approving Glancy Prongay & Murray LLP as lead counsel and finding the firm "competent and experienced").

### III.    CONCLUSION

For the foregoing reasons, Burbridge's respectfully requests that the Court deny Adhami's lead plaintiff motion, and enter an order: (1) appointing Burbridge as lead plaintiff; (2) approving Burbridge's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 30, 2019        **GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Gregory B. Linkh*
Gregory B. Linkh
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff and Lead Plaintiff Movant*
*Michael Burbridge, and Proposed Lead Counsel*
*for the Class*

8

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 30, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2019, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh