**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MICHAEL BURBRIDGE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ADTRAN, INC., THOMAS R. STANTON, MICHAEL FOLIANO, and ROGER D. SHANNON, <br><br> Defendants. | Case No. 1:19-cv-09619-LGS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MICHAEL BURBRIDGE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff and Lead Plaintiff Movant Michael Burbridge ("Burbridge") submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 11), and in reply to Reza Adhami's ("Adhami") opposition to Burbridge's motion (Dkt. No. 25; the "Adhami Opp.").[1]

## I.      INTRODUCTION

Burbridge and Adhami both moved for appointment as lead plaintiff and approval of counsel. *See* Dkt. Nos. 11, 14. The Private Securities Litigation Reform Act of 1995 (the "PSLRA") mandates that the Court appoint the "most adequate plaintiff" to serve as lead plaintiff, and provides a presumption that the most adequate plaintiff is the movant that "has the largest financial interest in the relief sought by the class" that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B).

Here, Burbridge has the largest financial interest because Adhami is a complete in-and-out trader that did not suffer a loss in connection with the claims in this action. While Adhami claims in his opposition brief that his loss exceeds Burbridge's (*see* Adhami Opp. at 2), Adhami incorrectly includes in-and-out transactions in his loss figure. When properly excluded, Adhami's loss is zero. Adhami also claims that he purchased more shares, gross, than Burbridge. This, however, is just one factor in the 4-factor financial interest test, and it is the least important factor. Burbridge has a larger loss, more retained shares, and a larger net expenditure than

---

[1] On January 6, 2020, the deadline to file this reply memorandum, the Court entered an order transferring this action to the Northern District of Alabama (Dkt. No. 27). In the order, the Court stated that "all response and reply briefing[] are deferred to the presiding court in the Northern District of Alabama." *Id.* Burbridge files this reply memorandum in an abundance of caution, to adhere to the deadline, and to ensure that the transferee court receives a complete set of briefing on this matter.

Adhami. Accordingly, Burbridge has the largest financial interest in the relief sought by the class.

As demonstrated in his opening memorandum (Dkt. No. 12) and opposition memorandum (Dkt. No. 22), Burbridge satisfies the necessary requirements of Rule 23 to establish that he is the presumptively most adequate plaintiff. Adhami argues in his opposition brief, however, that Burbridge failed to submit sufficient information to demonstrate that he satisfies the relevant provisions of Rule 23. *See* Adhami Opp. at 3. This is simply false. Burbridge disclosed his name, county of residence, and his class period transactions. This information is more than sufficient to make the preliminary showing of typicality and adequacy under Rule 23 necessary to establish that Burbridge is the presumptively most adequate plaintiff. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (typicality demonstrated when the movants claims are "similar to those of other investors"; and adequacy demonstrated when "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy").

Regardless, while not required to make the necessary Rule 23 showing, Burbridge has approximately 30 years of experience managing his own investment portfolio, and spent decades as Vice President, and later President, of companies that sold produce to major grocery chains. Accordingly, Burbridge is a sophisticated retail investor capable of adequately representing the class in this action. Since Burbridge has the largest financial interest and satisfies the requirements of Rule 23, Burbridge is the presumptively most adequate plaintiff.

To rebut the presumption, Adhami must present proof that Burbridge "will not fairly and adequately protect the interests of the class" or that Burbridge is "subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Adhami makes no effort to rebut the presumption that Burbridge is the most adequate plaintiff. As such, Burbridge should be appointed as lead plaintiff, and his selection of counsel should be approved.

## II.    ARGUMENT

### A.    Burbridge Is the Presumptively Most Adequate Plaintiff

As laid out in Burbridge's memorandum filed with its motion (Dkt. No. 12) and opposition to competing motions (Dkt. No. 22), Burbridge meets all the requirements to be the presumptively most adequate plaintiff. Burbridge (1) filed a timely motion for appointment as lead plaintiff, *see* Dkt. No. 11, (2) possesses the largest financial interest in this case, and (3) made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23, *see* Dkt. No. 12. As such, Burbridge is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

#### 1.    Burbridge Has the Largest Financial Interest Because Adhami Has Zero Financial Interest

To determine which movant has the "largest financial interest," courts consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015). Of these factors, losses suffered is the most important, and there is a "strong preference" for the "last-in, first-out" ("LIFO") method of calculating losses. *See id.* However, losses from sales prior to a corrective disclosure "are not recoverable under *Dura* and cannot be

considered in calculating [movant's] losses." *id.* at 273; *see also Cole v. Health Mgmt. Assocs., Inc.*, No. 07-cv-484, 2008 WL 11334897 (M.D. Fla. May 14, 2008) (excluding in-and-out transactions from the loss comparison since "the plaintiff must assert that the price of the company's stock declined after the defendant's misconduct was disclosed to the public").[2] The first factor, shares purchased during the class period, is the least weighty. *See Westchester Putnam Ctys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp. Inc.*, No. 16-cv-02400-AT-SN, 2016 WL 11648466, at *1 (S.D.N.Y. Nov. 29, 2016) ("The trend among New York courts is to view . . . the number of shares purchased [as] the least important."). This is reasonable since "shares purchased" includes shares that were not impacted by the fraud because they were purchased and then sold before a corrective disclosure and resulting price decline.

Here, Burbridge has a larger financial interest under every factor except for the least important:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss |
|---|---|---|---|---|
| Michael Burbridge | 1,500 | **1,000** | **$13,229.85** | **$1,660.65** |
| Reza Adhami | 6,000 | 0 | $9,840.00 | $0.00 |

While Adhami claims a loss of $9,480 in his opposition brief (*see* Adhami Opp. at 2), those are losses on shares that were purchased and then sold without ever being held through a corrective disclosure and associated stock price decline, so they are "not recoverable under *Dura* and cannot be considered in calculating [Adhami's] losses." *See CannaVest*, 93 F.

---

[2] *See also Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005); *Micholle v. Ophthotech Corp.*, No. 17-cv-1758-VSB, 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) *Topping*, 95 F. Supp. 3d at 617; *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825-NGG-RER, 2007 WL 680779, at *5 (E.D.N.Y. Mar. 2, 2007); *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 WL 4958238, at *6 (N.D. Ill. Oct. 8, 2019); *Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *5 (N.D. Cal. May 13, 2016).

Supp. 3d at 273. In fact, correcting for Adhami's in-and-out transactions, Adhami has no loss, which means that his "financial" interest is zero. As such, Burbridge has the largest (and only) financial interest in the relief sought by the class.

### 2. Burbridge Has Made the Necessary Preliminary Showing that He Satisfies the Adequacy and Typicality Requirements of Rule 23

For purposes of establishing the most adequate plaintiff presumption, "only a *prima facie* showing that the requirements of Rule 23 are met is necessary," and typicality and adequacy are the only relevant provisions. *See Topping*, 95 F. Supp. 3d at 623. To establish a showing of typicality a movant need only show that his claims are "similar to those of other investors and therefore representative of the putative class." *Id.* To demonstrate adequacy, a movant need only show "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

Here, Adhami does not dispute that Burbridge meets all of the these typicality and adequacy requirement outlined in *Topping*. Burbridge is typical because his claims are similar to those of the class. Burbridge claims that he purchased ADTRAN securities in reliance on Defendants' material misstatements and omissions, held those securities through a corrective disclosure, and was damaged thereby. With respect to adequacy, there is no dispute that Burbridge's counsel, Glancy Prongay & Murray LLP, are "qualified, experienced, and generally able to conduct the litigation." Moreover, there is no conflict between Burbridge and members of the class, and as explained, *supra*, Burbridge has sufficient financial interest in the outcome of the case to ensure vigorous advocacy.

Ignoring the relevant standard and case law, however, Adhami argues in his opposition brief that Burbridge failed to make a *prima facie* showing of typicality and adequacy on the basis that "nothing is known about Burbridge" and "[n]o information is proffered . . . that would allow a competing movant to do the most cursory investigation of Burbridge, let alone make a preliminary determination that Burbridge could fairly or adequately represent the class, or monitor counsel." Adhami Opp. at 3. As an initial matter, this is simply false. Burbridge disclosed his name, county of residence (Osceola County, Florida, *see* Dkt. No 2 at 2), and his class period transactions (*see* Dkt. No. 13-2). This is enough to make a preliminary showing of typicality and adequacy for purposes of the lead plaintiff determination under Rule 23. *See Topping*, 95 F. Supp. 3d at 623. It is also more than enough information to run a standard background check as is typical in these types of actions where there are competing movants. Thus, it is clear that Adhami's counsel was unable to find anything actually disqualifying about Burbridge.

In addition, while not necessary to establish a *prima facie* showing of typicality and adequacy under Rule 23, Burbridge has approximately 30 years of experience managing his own investment portfolio. Burbridge was also the Vice President of a company that sold produce to major grocery chains for 20 years from approximately 1980 until 2001, and then was the President of a company he started thereafter in the same line of business, for approximately 15 years. Accordingly, Burbridge is a sophisticated retail investor capable of adequately representing the class in this action.[3]

The single authority on which Adhami relies for the proposition that movants must provide some additional nebulous amount of information is inapposite. *See* Adhami Opp. at 3

---

[3] *See* Adhami Opp. at 3 (claiming Adhami "is a sophisticated retail investor" on the basis that he is "a Professor Emeritus and Research Professor.")

(citing *Karp v. Diebold Nixdorf, Inc.*, No. 1:19-cv-06180-LAP, 2019 WL 5587148, at \*5 (S.D.N.Y. Oct. 30, 2019)). The *Diebold* court was "disquieted by the errors contained in the [movant's] original submissions" including "exaggerated loss totals" of "some 34%" which "struck at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation." *Id.* at \*6. The court held that these errors "taken together" with the movant's litigation inexperience undermined the adequacy of the movant. *Id.* Here, there are no similar alleged errors (except possibly for Adhami's claim that he has a financial interest in this action), and both Burbridge and Adhami have similar experience with securities litigation. Accordingly, Adhami's attack is baseless, and Burbridge has made the necessary preliminary showing that he satisfies the typicality and adequacy requirements of rule 23. Since Burbridge has the largest (and only) financial interest in this litigation, and satisfies the requirements of Rule 23, Burbridge is the presumptively most adequate plaintiff.

**B.      The Presumption that Burbridge Is the Most Adequate Plaintiff Has Not Been Rebutted**

To rebut the most adequate plaintiff presumption, Adhami must present "proof" that the Burbridge is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Such proof demands "specific support" and "evidence" of the "actual or potential conflict of interest or a defense" and not mere "conclusory assertions of inadequacy." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004); *Vladimir v. Bioenvision, Inc.*, No. 07-cv-6416, 2007 WL 4526532, at \*10 (S.D.N.Y. Dec. 21, 2007) (same).

Here, Adhami has provided no evidence or specific support to prove that Burbridge would be inadequate. In fact, Adhami admits that he has not done even a "cursory investigation of Burbridge." Adhami Opp. at 3. As such, Adhami has failed to rebut the presumption that Burbridge is the most adequate plaintiff.

Additionally, it is Adhami, not Burbridge, that would be an inadequate lead plaintiff that is subject to unique defenses since he is an in-and-out trader. *See IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 2013 WL 5815472, at *19 (S.D.N.Y. Oct. 29, 2013) (proposed class representatives can fail to meet "the typicality requirement for Rule 23" if "they [are] subject to unique defenses as a result of having been 'in and out' purchasers") (collecting cases); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) ("[I]n-and-out traders will [not] even 'conceivably' be able to prove loss causation as a matter of law . . . therefore [they] should not have been included in the certified class."); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("the Fund has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation" and, "the Fund is subject to unique adequacy and typicality defenses that render it an inadequate Class representative"). As such, even if the Court were to find that Adhami is the presumptive lead plaintiff—which the Court should not since he has no financial interest—the presumption is rebutted by the fact that Adhami is an in-and-out trader.

As such, Burbridge is the only adequate and typical lead plaintiff movant, and the presumption that Burbridge is the most adequate plaintiff has not been rebutted. Accordingly, Burbridge should be appointed as lead plaintiff.

## C.   Burbridge's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 13-4. Accordingly, Movants' selection of lead counsel for the class should be approved. *See Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 266 (S.D.N.Y. 2019)

8

(approving Glancy Prongay & Murray LLP as lead counsel and finding the firm "competent and experienced").

## III.    CONCLUSION

For the foregoing reasons, Burbridge respectfully requests that the Court enter an order: (1) appointing Burbridge as lead plaintiff; (2) approving Burbridge's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated: January 6, 2020                    **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Plaintiff and Lead Plaintiff Movant Michael Burbridge and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 6, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 6, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh