FILED

2020 Mar-06  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

MICHAEL BURBRIDGE, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

ADTRAN INC., THOMAS R. STANTON, MICHAEL FOLIANO, and ROGER D. SHANNON,

Defendants.

Case No. 5:20-cv-00050-LCB

**MOVANTS REZA ADHAMI, Ph.D. AND MICHAEL BURBRIDGE'S JOINT PLAN IN RESPONSE TO FEBRUARY 28, 2020 ORDER AND IN SUPPORT OF THEIR REQUEST FOR APPOINTMENT AS CO-LEAD PLANTIFFS AND APPROVAL OF CO-LEAD COUNSEL**

CLASS ACTION

### 1. How Responsibilities Would Be Allocated Among Counsel

To ensure the Class's claims are prosecuted efficiently, counsel have entered into a Joint Prosecution Agreement ("JPA").[1] The JPA designates an attorney-in-charge at each firm responsible for ensuring work performed within their firm is non-duplicative. Similarly, the JPA allocates work among counsel, including making one firm responsible for preparing the amended complaint. Should Defendants file a motion to dismiss, the other firm will prepare the opposition. The JPA also allocates responsibilities among counsel for initiating expert consultations and soliciting competitive bids from vendors. Finally, counsel must confer and assign responsibility for fact and expert discovery, as well as motion briefing and trial as necessary.

### 2. How the Appointment of Co-Lead Counsel Would Benefit the Class

Courts in this District and others have recognized the benefits of approving co-lead counsel in securities class actions.[2] Likewise, courts endorse co-lead counsel where movants have stipulated to appointment as co-lead plaintiffs.[3] Here, in light

---

[1] Upon request, Counsel will make the JPA available to the Court for *in camera* review.

[2] *See e.g., Swib, et al v. Ruttenberg, et al.*, 2010 WL 11465298, ECF No. 150 (N.D. Ala. May 19, 2000) (appointing three firms as lead counsel, and one firm as special counsel); *Dillard v. Platform Specialty Prod. Corp.*, 2016 WL 10586300, at *4 (S.D. Fla. June 30, 2016) (appointing two firms lead counsel); *In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 WL 1513772, at *9 (D.N.H. Aug. 17, 2000) (co-lead counsel "may provide the purported class with the benefits of combined resources and expertise, which may be especially valuable in a complex case").

[3] *See, e.g., Vataj v. Johnson*, 2020 WL 532981, at *4 (N.D. Cal. Feb. 3, 2020) (appointing competing movants as co-lead plaintiff, and approving co-lead counsel); *City of Pompano Beach*

of this action's complexity, the amount at stake (i.e., over $175 million market capitalization loss), and the global nature of the investigation (i.e., ADTRAN's German and Latin American Tier 1 customers), investors will likely need the resources of two national firms to lead the prosecution.[4] Moreover, the Class will benefit from the firms' subject area experience and knowledge. Both firms have successfully litigated accounting fraud cases. ECF Nos. 13-4, 16-4.

### 3.    How the Appointment of Co-Lead Counsel Would Not Raise the Costs of Litigating the Action

A co-lead counsel structure will not raise the Class's costs. As noted, the firms have agreed to coordinate litigation efforts to avoid duplication. In addition, one of the lead Hagens Berman attorneys staffed on the case is a CPA, which will reduce expert accounting fees. Moreover, the JPA establishes a robust protocol for approving and monitoring litigation expenses, and mandates that counsel make their records immediately available to the Court should a review be necessary.  Finally, the movants have negotiated contingency fee caps limiting the firms' combined fee request on any recovery, which in any case will be subject to the Court's review for reasonableness.

---

*Gen. Emps.' Ret. Sys. v. Synovus Fin. Corp.*, 2010 WL 11465298, at *3-4 (N.D. Ga. Feb. 2, 2010) (same).

[4] *See e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46–47 (D. Mass. 2001) (appointing three law firms as co-lead counsel and noting factors warranting appointment of more than one firm including the large amount of monies at stake and global nature of investigation).

Dated: March 6, 2020

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Lucas E. Gilmore*

Lucas E. Gilmore (Admitted *Pro Hac Vice*)
Reed R. Kathrein (Admitted *Pro Hac Vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Robert V. Prongay
Ex Kano S. Sams II (Admitted *Pro Hac Vice*)
Charles H. Linehan
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
clinehan@glancylaw.com

*Co-Lead Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

Patrick C. Cooper
***WARD & COOPER, LLC***
2100 Southbridge Parkway, Suite 645

3

Birmingham, AL 35209
Telephone: 205-871-5404
Fax: 205-871-5758
patrickcooper@yahoo.com

*[Proposed] Liaison Counsel for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Lucas E. Gilmore*