IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL BURBRIDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADTRAN, INC., THOMAS R. STANTON, MICHAEL FOLIANO, and ROGER D. SHANNON,<br><br>Defendants. | Civil Action: 5:20-cv-00050-LCB<br><br>OPPOSED MOTION |

**DEFENDANTS' MOTION TO DISMISS CONSOLIDATED
CLASS ACTION COMPLAINT FOR VIOLATION OF
<u>THE FEDERAL SECURITIES LAWS</u>**

Defendants ADTRAN, Inc., Thomas R. Stanton, Michael Foliano, and Roger D. Shannon (collectively, "Defendants") hereby move this Court for an Order dismissing the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (Dkt. 82), filed by Plaintiffs Michael Burbridge and Reza Adhami, Ph.D ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, et seq.  Defendants conferred with Plaintiffs regarding this Motion as set forth in the Joint Motion for Scheduling Order filed March 17, 2020 (Dkt. 78), which

1

sets a schedule for the filing of this Motion to Dismiss and Plaintiffs' response thereto.

The grounds for Defendants' Motion to Dismiss, which are more fully set forth in the accompanying Memorandum of Law, are:

1. Plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC") thereunder, 17 C.F.R. § 240.10b-5, should be dismissed because:

    a. A majority of the challenged statements are protected by the PSLRA's safe harbor for forward-looking statements, as provided by 15 U.S.C. § 78u-5;

    b. Plaintiffs challenge statements that are not actionable as a matter of law, and fail to plead particularized facts as to why any of the challenged statements were false or misleading when made, as required by Rule 9(b) and 15 U.S.C. § 78u-4(b)(1);

    c. Plaintiffs fail to plead particularized facts giving rise to a "strong inference" that Defendants acted with the "required state of mind," as required by 15 U.S.C. § 78u-4(b)(2); and

d. Plaintiffs fail to adequately allege "loss causation," that the economic losses they claim were proximately caused by the alleged fraud, as required under 15 U.S.C. § 78u-4(b)(4).

2. Plaintiffs' claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Messrs. Stanton, Foliano, and Shannon, should be dismissed for failure to plead a viable primary violation under Section 10(b) and Rule 10b-5.

Respectfully submitted this 16th day of June, 2020.

<u>s/ John E. Goodman</u>

John E. Goodman
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, Alabama 35203
Telephone: (205) 521-8476
Facsimile: (205) 488-6476
jgoodman@bradley.com

<u>s/ B. Warren Pope</u>

Jessica Perry Corley (*pro hac vice*)
B. Warren Pope (*pro hac vice*)
Brian D. Barnes (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
jpcorley@kslaw.com
wpope@kslaw.com
bbarnes@kslaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 16th day of June, 2020.

*/s/ B. Warren Pope*
B. Warren Pope

*Counsel for Defendants*
