FILED

2020 Aug-17  PM 08:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL BURBRIDGE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action: 5:20-cv-00050-LCB |
| v. | ) ) | OPPOSED MOTION |
| ADTRAN, INC., THOMAS R. STANTON, MICHAEL FOLIANO, and ROGER D. SHANNON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

<u>**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS**</u>

# TABLE OF CONTENTS

**Page**

**INTRODUCTION**..............................................................................................1

**ARGUMENT**....................................................................................................1

    **I.**    **The Safe Harbor Applies And Protects A Majority Of The Statements.** ........................................................................................1

    **II.**    **Plaintiffs Fail To Plead The Falsity Of Any Statement With Particularity.** .....................................................................................4

        **A.**    **Plaintiffs Cannot Challenge Non-Actionable Puffery Or Opinion.** .............................................................................4

        **B.**    **Plaintiffs' Falsity Theories Are Each Insufficient.** .................5

    **III.**    **Plaintiffs Fall Far Short Of Any "Strong Inference" Of Scienter.** .......................................................................................7

    **IV.**    **Plaintiffs' Loss Causation Arguments Are Insufficient**.................10

**CONCLUSION**.................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. Micrus Endovascular Corp.*,
No. 07-22601-CIV, 2008 WL 11332045 (S.D. Fla. May 20, 2008) ...............4, 5

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
No. 1:09-CV-1185-WSD, 2010 WL 3545389 (N.D. Ga. Sept. 10,
2010) ....................................................................................................................8

*Carvelli v. Ocwen Fin. Corp.*,
934 F.3d 1307 (11th Cir. 2019) ...................................................................1, 4, 8

*In re Colonial Bancgroup, Inc. Sec. Litig.*,
9 F. Supp. 3d 1258 (M.D. Ala. 2014) ...................................................................7

*In re Comshare, Inc. Sec. Litig.*,
No. 96-73711-DT, 1997 WL 1091468 (E.D. Mich. Sept. 18, 1997),
*aff'd*, 183 F.3d 542 (6th Cir. 1999)......................................................................9

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005)............................................................................................10

*In re: Ebix, Inc. Sec. Litig.*,
898 F. Supp. 2d 1325 (N.D. Ga. 2012)..................................................................7

*In re Flowers Foods, Inc. Sec. Litig.*,
No. 7:16-CV-222 (WLS), 2018 WL 1558558 (M.D. Ga. Mar. 23,
2018) ......................................................................................................................9

*Garfield v. NDC Health Corp.*,
466 F.3d 1255 (11th Cir. 2006) ............................................................................8

*Gross v. Medaphis Corp.*
977 F. Supp. 1463 (N.D. Ga. 1997).......................................................................5

*Harris v. Ivax Corp.*,
182 F.3d 799 (11th Cir. 1999) ..........................................................................1, 3

*Harris v. Ivax Corp.*,
   998 F. Supp. 1449 (S.D. Fla. 1998), *aff'd*, 182 F.3d 799 (11th Cir.
   1999) ...................................................................................................................2

*In re HD Supply Holdings, Inc. Sec. Litig.*,
   341 F. Supp. 3d 1342 (N.D. Ga. 2018)................................................................9

*In re HomeBanc Corp. Sec. Litig.*,
   706 F. Supp. 2d 1336 (N.D. Ga. 2010)................................................................9

*In re Illumina, Inc. Sec. Litig.*,
   No. 3:16-CV-3044-L-KSC, 2018 WL 500990 (S.D. Cal. Jan. 22,
   2018) ...................................................................................................................3

*In re Initial Pub. Offering Sec. Litig.*,
   399 F. Supp. 2d 261 (S.D.N.Y. 2005) ...............................................................10

*Inst. Inv'rs Grp. v. Avaya, Inc.*,
   564 F.3d 242 (3d Cir. 2009) .......................................................................1, 7, 8

*KBC Asset Mgmt. NV v. 3D Sys. Corp.*,
   No. 0:15-CV-02393-MGL, 2016 WL 3981236 (D.S.C. July 25,
   2016) ...................................................................................................................8

*Keippel v. Health Ins. Innovations, Inc.*,
   No. 8:19-CV-421-02CPT, 2019 WL 5698329 (M.D. Fla. Nov. 4,
   2019) ...................................................................................................................4

*In re Kindred Healthcare, Inc. Sec. Litig.*,
   299 F. Supp. 2d 724 (W.D. Ky. 2004)................................................................2

*Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v.
   Regions Fin. Corp.*,
   No. CV 10-2847-IPJ, 2011 WL 12855820 (N.D. Ala. June 7, 2011)..............3, 8

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ............................................................................3

*MAZ Partners LP v. First Choice Healthcare Sols., Inc.*,
   No. 619CV619ORL40LRH, 2019 WL 5394011 (M.D. Fla. Oct.
   16, 2019) .............................................................................................................7

*Metro. Transportation Auth. Defined Benefit Pension Plan Master Tr. v. Welbilt*
No. 8:18-CV-3007-T-30AEP, 2020 WL 905591 (M.D. Fla. Feb. 6, 2020) ...................................................................................................7

*Michigan Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*,
No. 3:18-CV-771-J-34JRK, 2019 WL 1429667 (M.D. Fla. Mar. 29, 2019) ................................................................................................3, 4

*Miyahira v. Vitacost.com, Inc.*,
No. 10-80644-CIV, 2011 WL 13136262 (S.D. Fla. Dec. 8, 2011) ..................2, 4

*Mizzaro v. Home Depot*,
544 F.3d 1230 (11th Cir. 2008) ......................................................................7

*Mogensen v. Body Cent. Corp.*,
15 F. Supp. 3d 1191 (M.D. Fla. 2014)..............................................................2

*Monroe Cty. Employees' Ret. Sys. v. S. Co.*,
No. 1:17-CV-241-MHC, 2018 WL 1558577 (N.D. Ga. Mar. 29, 2018) .........................................................................................................4

*Naglich v. Applied Optoelectronics*,
436 F. Supp. 3d 954 (S.D. Tex. 2020)............................................................10

*New Orleans Employees Ret. Sys. v. Celestica, Inc.*,
455 F. App'x 10 (2d Cir. 2011) .......................................................................6

*Plymouth Cty. Ret. Sys. v. Carter's Inc.*,
No. 1:08-CV-02940-JOF, 2011 WL 13124501 (N.D. Ga. Mar. 17, 2011) ......................................................................................................10

*Pritchard v. Apyx Med. Corp.*,
No. 8:19-CV-00919SCB-AEP, 2020 WL 1180731 (M.D. Fla. Mar. 11, 2020) ........................................................................................................3

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
No. C 18-02902 WHA, 2019 WL 4859099 (N.D. Cal. Oct. 2, 2019) ...........................................................................................................6

*Thorpe v. Walter Inv. Mgmt., Corp.*,
No. 1:14-CV-20880-UU, 2014 WL 11961964 (S.D. Fla. Dec. 23, 2014) ...........................................................................................................4

iv

*Tung v. Dycom Indus., Inc.*,
   No. 19-CV-81448, 2020 WL 1865765 (S.D. Fla. Apr. 14, 2020).....................3, 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   672 F. Supp. 2d 596 (S.D.N.Y. 2009) .................................................................6

*Rosky ex rel. Wellcare Health Plans, Inc. v. Farha*,
   No. 8:07-CV-1952-T-26MAP, 2009 WL 3853592 (M.D. Fla.
   March 30, 2009)...........................................................................................8

**INTRODUCTION**

Plaintiffs' Opposition ("Opp.") fails to show how either of their disparate fraud theories—the "Demand Theory" or the "E&O Theory"—satisfy the PSLRA's heightened pleading requirements.  Dismissal is appropriate.

**ARGUMENT**

**I.    The Safe Harbor Applies And Protects A Majority Of The Statements.**

Plaintiffs assert incorrectly that the Eleventh Circuit "has directly rejected" analyzing forward-looking statements as a whole when "the arguably present tense components cannot meaningfully be distinguished from the future projection of which they are a part." Opp. at 16.  Not so.  Because "[f]orward-looking conclusions often rest both on historical observations and assumptions about future events," it is appropriate to consider a "mixed" statement as a "unit" that is entirely forward-looking.  *Harris v. Ivax Corp.*, 182 F.3d 799, 806–07 (11th Cir. 1999).  Here, any arguably present tense components of the challenged statements are not "distinct," *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1328 (11th Cir. 2019), but rather "cannot meaningfully be distinguished from the future projection of which they are a part," *Inst. Inv'rs Grp. v. Avaya, Inc.,* 564 F.3d 242, 255 (3d Cir. 2009).[1]

---

[1] For example, Plaintiffs challenge the statement "we certainly saw material international growth over the course of 2018" as not forward-looking, Opp. at 15-16 n.6, but it cannot be meaningfully distinguished from the future projection of which it is a part; namely, that "we expect European business to be consistent with where we were last year," AC ¶ 101.  Under Eleventh Circuit law, this statement should be considered as a whole. *See Harris*, 182 F.3d at 806.

1

In fact, many of the purported present/past components are "assumptions underlying or relating to" projections and predictions. *See Mogensen v. Body Cent. Corp.*, 15 F. Supp. 3d 1191, 1216 (M.D. Fla. 2014). Not only can such statements not meaningfully be separated, but they are expressly protected under the safe harbor. *See id.* Similarly, the E&O reserve statements are predicated on future events and are therefore forward-looking.[2] MTD at 11-13.

Plaintiffs try to shrug off Defendants' cautionary language as "boilerplate." Opp. at 16–18. But the cautionary language provided detailed warnings of the very risks about which Plaintiffs complain: "reduced visibility into [ADTRAN's] customers' spending plans and associated revenue"; "depend[ing] heavily on sales to certain customers"; E&O reserves were "estimates"; and managing ADTRAN's inventory was "complex." MTD at 12–13. This cautionary language is sufficient as a matter of law because it "identif[ied] meaningful and important factors that could affect future performance." *See Harris v. Ivax Corp.*, 998 F. Supp. 1449, 1454 (S.D. Fla. 1998) (warnings about "purchasing decisions of existing customers" and "mistaken estimates" regarding inventory adjustments were "far beyond mere

---

[2] ADTRAN's E&O reserves rely on assumptions about future customer demand and market conditions that are incapable of objective verification. *See In re Kindred Healthcare, Inc. Sec. Litig.*, 299 F. Supp. 2d 724, 738 (W.D. Ky. 2004) (because statements about reserves are "predicated on projections of future events," "[i]t would seem rather beyond argument that such [statements] are forward-looking within the meaning of the PSLRA"); *Miyahira v. Vitacost.com, Inc.*, No. 10-80644-CIV, 2011 WL 13136262, at *10 (S.D. Fla. Dec. 8, 2011) (ruling similarly).

boilerplate"), *aff'd*, 182 F.3d 799 (11th Cir. 1999).[3]

Plaintiffs insist the cautionary language was nevertheless insufficient because the "identified risks had materialized."  Opp. at 17–18.  But Plaintiffs' "reliance on this principle . . . is misplaced" because "the Amended Complaint do[es] not show that Defendants were aware of any realized risks that they failed to disclose, *i.e.*, Plaintiffs do not identify any 'specific adverse historical facts' that were omitted."[4] *See Michigan Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, No. 3:18-CV-771-J-34JRK, 2019 WL 1429667, at *26 (M.D. Fla. Mar. 29, 2019).

Finally, Plaintiffs' "actual knowledge" argument fails.  Opp. at 18.  It is well accepted that "[D]efendants' state of mind is irrelevant" where (as here) the first prong of the safe harbor applies.  *See Harris*, 182 F.3d at 803.  And even if the first prong did not apply, Plaintiffs fail to plead that Defendants had "actual knowledge" that any statement was false when made.  Thus, such statements are still protected

---

[3] Plaintiffs cite inapposite cases involving "no cautionary language whatsoever," *Tung v. Dycom Indus., Inc.*, No. 19-CV-81448, 2020 WL 1865765, at *7 (S.D. Fla. Apr. 14, 2020), or generic "disclaimer[s]," *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009); *see In re Illumina, Inc. Sec. Litig.*, No. 3:16-CV-3044-L-KSC, 2018 WL 500990, at *4 (S.D. Cal. Jan. 22, 2018) (cautionary language that could apply to "most product driven businesses").

[4] Plaintiffs cite cases where, unlike here, the plaintiffs pled contemporaneous, particularized facts demonstrating a material omission. *See, e.g., Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Fin. Corp.*, No. CV 10-2847-IPJ, 2011 WL 12855820, at *4 (N.D. Ala. June 7, 2011) (former Senior Vice President supported allegation that officer "personally removed $150 million of non-accrual loans . . . only to replace them after the close of the quarter"); *Pritchard v. Apyx Med. Corp.*, 8:19-CV-00919SCB-AEP, 2020 WL 1180731, at *2 (M.D. Fla. Mar. 11, 2020) (undisclosed clinical study results contradicted statements about FDA approval).

3

under the safe harbor's third prong.  *See Ocwen*, 934 F.3d at 1326.[5]

## II.   Plaintiffs Fail To Plead The Falsity Of Any Statement With Particularity.

### A.   Plaintiffs Cannot Challenge Non-Actionable Puffery Or Opinion.

Plaintiffs assert that Defendants' puffing statements are actionable, citing two inapposite cases. Opp. at 18–19.  In the first case, unlike here, the statements were "capable of objective verification," *e.g.* "start-up activities . . . are now 40% complete."  *Monroe Cty. Employees' Ret. Sys. v. S. Co.*, No. 1:17-CV-241-MHC, 2018 WL 1558577, at *21 (N.D. Ga. Mar. 29, 2018).  In the second case, the defendants "continually stress[ed] a record of corporate compliance as a key to company success," *Keippel v. Health Ins. Innovations, Inc.*, No. 8:19-CV-421-02CPT, 2019 WL 5698329, at *7 (M.D. Fla. Nov. 4, 2019).  Here, by contrast, Plaintiffs challenge classic instances of corporate puffery like "I feel good about the opportunity there" and "I think right now we're doing a good job." MTD at 14–15.[6]

Plaintiffs also contend that Defendants' opinions are actionable because Defendants allegedly omitted material information without which the opinions are

---

[5] Plaintiffs criticize Defendants' charts categorizing the challenged statements and cautionary language.  Opp. at 18 n.10; MTD Ex. 12 & 13.  These charts are designed to assist the Court in conducting the required statement-by-statement analysis and are frequently utilized in securities actions. *See Miyahira*, 2011 WL 13136262, at *10 (considering similar chart with "detailed list of the forward-looking statements" and concluding all were "protected by the safe harbor"); *Michigan Carpenters'*, 2019 WL 1429667, at *3 (similar charts were "helpful and permissible").

[6] *See also, e.g.*, *Abrams v. Micrus Endovascular Corp.*, No. 07-22601-CIV, 2008 WL 11332045, at *3 (S.D. Fla. May 20, 2008) (statement that business with international customer "continues to be really strong" was "mere puffing"); *Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-CV-20880-UU, 2014 WL 11961964, at *12 (S.D. Fla. Dec. 23, 2014) (statement, "we expect to see continued strong performance and results in the second half of this year," was "corporate puffery").

misleading.  Opp. at 19.  But Plaintiffs fail to allege contemporaneous, particularized facts that were omitted when the statements were made.[7]  MTD at 14–16.

### B.    Plaintiffs' Falsity Theories Are Each Insufficient.

*Demand Theory.*  Plaintiffs claim Defendants' predictions regarding demand from DT were false "because Defendants knew that [DT] would have to substantially reduce spending on existing ADTRAN projects."  Opp. at 13-14.  Yet, Plaintiffs have not pled "specific, material facts" in support of that speculative allegation.  *See Abrams v. Micrus Endovascular Corp.*, No. 07-22601-CIV, 2008 WL 11332045, at *4 (S.D. Fla. May 20, 2008).  A bald assertion that Defendants "should have known" the reduction was inevitable is insufficient under the PSLRA.  MTD at 16–18.

Plaintiffs also claim Defendants' Telmex projections—*e.g.*, expecting "solid strength through the year"—were false because the Telmex project was "plagued by severe delays" and the Telmex relationship was "fractured."  Opp. at 14–15.  As Defendants detailed, however, Plaintiffs fail to explain how those allegations render any particular challenged statement misleading when it was made.[8]  MTD at 18–19.

---

[7] For instance, Plaintiffs argue the statements of opinion regarding product mix, efficiency gains, and internal controls are actionable because Plaintiffs included allegations of "inadequate accounting" and "material weaknesses."  Opp. at 19.  But those are hindsight allegations based on post-hoc disclosures and fail to show the statements were known to be false when made.

[8] Plaintiffs cite *Gross v. Medaphis Corp.*, where the plaintiff pled an "elaborate scheme" to defraud with particularized allegations, *e.g.*, that a $4 million quarterly profit was based on $5 million in revenue that was recognized while "provid[ing] these customers with secret side letters relieving them of their obligations under the agreements."  977 F. Supp. 1463, 1466, 1472 (N.D. Ga. 1997).  Plaintiffs here, by contrast, base their allegations entirely on speculative hindsight.

*E&O Theory.*    Plaintiffs double down on their assertion that Defendants "published false financial results," claiming "[m]isreported financial information clearly amounts to a false statement of fact." Opp. at 9–10.  But again, Defendants did not restate Q1 2019 results, nor have Plaintiffs shown that Defendants were required to do so.  Thus, the suggestion that Defendants posted "a loss for Q1 2019, and a negative EPS" is inaccurate and unsupported.  Opp. at 10; *see* MTD at 20–23.

Plaintiffs' case law is inapposite.  In *Varghese*, the defendants "admitted that [the company's] previously disclosed financial results were false and presented in violation of GAAP" and "restat[ed] [the company's] financials."  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 604–05 (S.D.N.Y. 2009).    In *SEB*, the plaintiffs presented "additional allegations plausibly demonstrat[ing] the alleged misconduct materially impacted the company's overall financial position."  *SEB Inv. Mgmt. AB v. Symantec Corp.*, No. C 18-02902 WHA, 2019 WL 4859099, at \*2 (N.D. Cal. Oct. 2, 2019).  And in *Celestica*, materiality was satisfied by, among other things, "the precipitous decrease in share price that occurred after [the company] disclosed the true state of its inventory."  *New Orleans Employees Ret. Sys. v. Celestica, Inc.*, 455 F. App'x 10, 16 (2d Cir. 2011).  Here, Defendants took an $800,000 out-of-period adjustment to address an *immaterial* misstatement, and ADTRAN's share price *increased* following its August 12 and September 20 disclosures.  MTD at 20–23 & Ex. 14.

6

Plaintiffs' internal control allegations also fail. Opp. at 12–13. Plaintiffs point to later-identified material weaknesses and an out-of-period adjustment, but not to any particularized, contemporaneous facts demonstrating these statements were false when made. "Hindsight allegations simply do not suggest fraud." *See In re Colonial Bancgroup, Inc. Sec. Litig.*, 9 F. Supp. 3d 1258, 1266 (M.D. Ala. 2014).[9]

## III.    Plaintiffs Fall Far Short Of Any "Strong Inference" Of Scienter.

Plaintiffs' generalized allegations cannot support scienter, that is, an "'intent to . . . defraud,' or 'severe recklessness.'" *Mizzaro v. Home Depot*, 544 F.3d 1230, 1238 (11th Cir. 2008). For example, baldly alleging that Defendants "closely monitored" operations or were "knowledgeable about internal controls" (Opp. at 21) says nothing about knowledge of the alleged fraud. *See Metro. Transportation Auth. Defined Benefit Pension Plan Master Tr. v. Welbilt*, Inc, No. 8:18-CV-3007-T-30AEP, 2020 WL 905591, at *4 (M.D. Fla. Feb. 6, 2020) (similar allegations insufficient). Moreover, the "content and context" of challenged statements cannot support scienter absent particularized, contemporaneous facts demonstrating Defendants knew their statements were false when made.[10]

---

[9] The cases cited by Plaintiffs involve detailed allegations of contemporaneous facts. *See In re: Ebix, Inc. Sec. Litig.*, 898 F. Supp. 2d 1325 (N.D. Ga. 2012) (accounting firms alerted defendants to deficiencies before statements were made); *MAZ Partners LP v. First Choice Healthcare Sols., Inc.*, No. 6:19CV619ORL-40LRH, 2019 WL 5394011, at *11 (M.D. Fla. Oct. 16, 2019) ("according to the DOJ and SEC . . . [the CEO] was engaged in a 'pump and dump' scheme").

[10] Plaintiffs' citation of *Avaya* is unavailing. There, despite alleged "widespread and unusual discounting" supported by numerous confidential witnesses, an investment report, "alleged admissions," and "an array of circumstantial evidence," the defendants "flatly denied" the

Further, there were no "admissions" of fraud. Opp. at 24. Rather than detailing contemporaneous facts, Plaintiffs rely on an after-the-fact pause in shipments or out-of-period adjustment to "infer [earlier statements] were false or misleading at the time they were made." *See Belmont Holdings Corp. v. SunTrust Banks, Inc.*, No. 1:09-CV-1185-WSD, 2010 WL 3545389, at *7 (N.D. Ga. Sept. 10, 2010). This is classic fraud-by-hindsight.

Plaintiffs also cannot rely on bare allegations of GAAP violations where Defendants concluded their financial statements were presented "in conformity with [GAAP]," AC ¶ 140, and Plaintiffs "never explain[] precisely how [the] disclosures ran afoul of GAAP." *Ocwen*, 934 F.3d at 1332. Similarly, because Plaintiffs fail to plead Defendants "had reason to know . . . due to the presence of glaring accounting irregularities or other 'red flags,' that the financial statements contained material misstatements or omissions," the SOX certifications cannot support scienter.[11] *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1266–67 (11th Cir. 2006).

---

discounting existed "in statements evincing certitude" when questioned "directly and repeatedly" about the subject. *Avaya*, 564 F.3d at 268–70; *see also KBC Asset Mgmt. NV v. 3D Sys. Corp.*, No. 0:15-CV-02393-MGL, 2016 WL 3981236, at *9 (D.S.C. July 25, 2016) ("detailed allegations" established defendants had "actual exposure to the problem").

[11] Unlike in *Local 703*, which involved a $6 billion goodwill write down, and *Rosky*, where government agencies investigated the company's accounting practices, Plaintiffs point to no "red flags" regarding ADTRAN's E&O reserves. *See Local 703*, 2011 WL 12855820, at * 8-9; *Rosky ex rel. Wellcare Health Plans, Inc. v. Farha, No. 8:07-CV-1952-T-26MAP*, 2009 WL 3853592, at *6 (M.D. Fla. March 30, 2009). And, of course, there were not and could be no such "red flags," as ADTRAN's subsequent E&O reserve adjustment was immaterial. MTD at 20–23.

Moreover, the confidential witness allegations are not "indicative of scienter." Opp. at 23. Unlike the confidential witnesses in the cases cited by Plaintiffs, they have not demonstrated these lower level employees (*e.g.*, a "pricing administrator," AC ¶ 37) had any insight into Defendants' state of mind. *Cf. Tung*, 2020 WL 1865765, at *9 (relying on CW "who reported directly to CEO"); *In re Flowers Foods, Inc. Sec. Litig.*, No. 7:16-CV-222 (WLS), 2018 WL 1558558, at *2 (M.D. Ga. Mar. 23, 2018) (relying on allegations from former CFO). Regardless, the CW allegations are not probative of scienter because Plaintiffs "fail[ed] to supply any facts demonstrating that Defendants also believed" what the CWs allege. *See In re HomeBanc Corp. Sec. Litig.*, 706 F. Supp. 2d 1336, 1350 (N.D. Ga. 2010).

Finally, because Mr. Shannon's stock sales are "consistent with normal executive departures" and the other Defendants "are not alleged to have sold any stock," the stock sales are not probative of scienter. *See In re Comshare, Inc. Sec. Litig.*, No. 96-73711-DT, 1997 WL 1091468, at *10 (E.D. Mich. Sept. 18, 1997), *aff'd*, 183 F.3d 542 (6th Cir. 1999); MTD at 27. Plaintiffs unpersuasively cite *HD Supply* where, according to the court, the CEO "liquidated virtually his entire stake in the company" with "no explanation for the liquidation." *See In re HD Supply Holdings, Inc. Sec. Litig.*, 341 F. Supp. 3d 1342, 1348 (N.D. Ga. 2018).

9

## IV.    Plaintiffs' Loss Causation Arguments Are Insufficient.

Plaintiffs claim that under *Luczak*, they need not plead a corrective disclosure that "precisely mirror[s] the earlier misrepresentation" so long as it "relate[s] back to the misrepresentation and not to some other negative information about the company." Opp. at 29.  While this may be true, the failure to meet earnings forecasts is alone insufficient to establish loss causation.  *See In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 261, 266 (S.D.N.Y. 2005).  Here, Plaintiffs fail to meet their burden of demonstrating that ADTRAN's revised earnings guidance and lower-than-expected revenues make the "the existence of actionable fraud . . . more probable than it would be without [such] disclosures."  *Naglich v. Applied Optoelectronics*, 436 F. Supp. 3d 954, 979 (S.D. Tex. 2020).  Nor can Plaintiffs reconcile their earlier argument that there was no "incur[red] . . . loss" with respect to the July 17, 2019 disclosure (Dkt. 22 at 4–5) with *Dura's* requirement that they plead the challenged misrepresentation "proximately caused [their] economic loss."  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005); *cf. Plymouth Cty. Ret. Sys. v. Carter's Inc.*, No. 1:08-CV-02940-JOF, 2011 WL 13124501, at *10 (N.D. Ga. Mar. 17, 2011) (unlike this case, one lead plaintiff "did own stock" and "undisputedly lost some money" on disputed corrective disclosure date).

## CONCLUSION

Defendants respectfully submit that dismissal is appropriate.

Dated August 17, 2020.

*s/ John E. Goodman*

John E. Goodman
BRADLEY ARANT BOULT
CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, Alabama 35203
Telephone: (205) 521-8476
Facsimile: (205) 488-6476
jgoodman@bradley.com

*s/ Jessica Perry Corley*

Jessica Perry Corley (*pro hac vice*)
B. Warren Pope (*pro hac vice*)
Brian D. Barnes (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
jpcorley@kslaw.com
wpope@kslaw.com
bbarnes@kslaw.com

*Attorneys for Defendants*

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 17th day of August, 2020.

*/s/ Jessica P. Corley*
Jessica P. Corley

*Counsel for Defendants*